IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRANDEN P. STEWART, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDWEST GAMING & ENTERTAINMENT, LLC d/b/a RIVERS CASINO, *et al.*<br><br>Defendants. | Case No. 1:20-cv-02566 |

## FINAL ORDER AND JUDGMENT APPROVING FLSA COLLECTIVE ACTION SETTLEMENT

The above-entitled matter came before the Court on Plaintiff's Unopposed Motion for One-Step Approval of FLSA Collective Action Settlement ("Motion for Settlement Approval"). After reviewing the Motion for Settlement Approval, the supporting Memorandum of Law in Support of the Motion for Settlement Approval (the "Memorandum"), the Declaration of George A. Hanson ("Hanson Decl.") and the supporting exhibits, the Court hereby GRANTS the motion, and hereby ORDERS and ADJUDGES as follows:

1. The Plaintiffs request a one-step approval process for their FLSA collective action settlement. The Court finds that, based on the representations of Plaintiff's counsel, which are not disputed for the purpose of this proposed settlement, a one-step approval process is appropriate because it satisfies all the procedural and substantive prerequisites for approval of an FLSA collective action settlement including: (i) determining whether the Plaintiff and the collective action members are "similarly situated," for the purposes of this matter only, (ii) determining whether the settlement is a fair and reasonable, including for the collective action members who

1

will receive notice and an opportunity to opt-in; (iii) approving the form of and distribution plan for the notice; and (iv) binding only those collective action members who opt-in to the settlement.

2. After reviewing the Motion for Settlement Approval, this Court approves, for settlement purposes only, a FLSA collective action comprised of the following: (a) Des Plaines Collective: all hourly, non-exempt tipped employees and former employees earning a direct cash wage of $7.24 or less who worked at Rivers Casino Des Plaines between April 28, 2017 and October 9, 2020; (b) Pittsburgh Collective: all hourly, non-exempt tipped employees and former employees earning a direct cash wage of $7.24 or less who worked at Rivers Casino Pittsburgh between July 15, 2017 and December 7, 2020; and (c) Philadelphia Collective: all hourly, non-exempt tipped employees and former employees earning a direct cash wage of $7.24 or less who worked at Rivers Casino Philadelphia between July 15, 2017 and December 15, 2020. These settlement collectives include Plaintiff and all those who have already filed a consent to join that are included in one of the above-referenced collectives.

3. This Court also finds that the settlement in this Fair Labor Standards Act action is a fair and reasonable resolution of *bona fide* dispute. The settlement is approved, and the terms of the Parties' Settlement Agreement are incorporated herein.

4. The Court also approves Plaintiff's proposed (i) Settlement Notice, (ii) Consent to Join Form; (iii) plan for distribution of the Notice and Consent to Join Forms; and (iv) process by which eligible collective members will opt-in to the FLSA collective action for settlement purposes and release their claims.

5. Analytics Consulting LLC is appointed as the Settlement Administrator consistent with the terms of the Settlement Agreement.

6. The service awards to Named Plaintiff Branden P. Stewart and Opt-In Plaintiffs Samuel L. Papa and William J. Rettig, IV are approved.

7. Plaintiff's counsel's request for attorneys' fees and litigation expenses is granted.

8. Without affecting the finality of this Final Order and Judgment, the Court retains jurisdiction over this action for the purposes of supervising the implementation, enforcement, construction, administration, and interpretation of the Settlement Agreement.

9. This action is hereby dismissed with prejudice in its entirety as against Defendants, and without attorney's fees or costs to any party except as provided in this Final Order and Judgment and in the Settlement Agreement. This Final Order and Judgment is "final" within the meaning of the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.

10. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

It is so ORDERED this 13 day of APRIL, 2021.

_____
Honorable Charles R. Norgle, Sr.
United States District Judge

3